UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NORTHERN NATURAL GAS COMPANY, a Delaware corporation,<br><br>           Plaintiff, | |
| v. | CASE NO. 8:05CV316 |
| TEKSYSTEMS GLOBAL APPLICATIONS OUTSOURCING, L.L.C., a Maryland limited liability company, and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, a Connecticut-based Insurance company,<br>           Defendants. | **STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff Northern Natural Gas Company ("NNG") and Defendants TEKsystems Global Applications Outsourcing, L.L.C. ("GAO") and Travelers Casualty and Surety Company of America ("Travelers") (collectively, the "Parties") through their respective attorneys of record, as follows:

WHEREAS, documents and information compromising trade secrets and other confidential research, development, internal policies and procedures, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure of Travelers and nonparties have been and may be sought, produced or exhibited by and among the Parties.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.   This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.   Either Travelers or a non-party (collectively, "person" or "persons") producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated,

OM-225315-1

"Confidential." If the document or information is not in paper form, the producing person shall use other such reasonable means as necessary to identify clearly the document or information as "Confidential." The designation of "Confidential" pursuant to this Order shall mean that the information or documents fall into one of the following categories: computer or electronic system operation, research, and development; internal financial information; internal policies and procedures regarding insurance claim-handling; trade secrets; third-party documents or information subject to non-disclosure agreements; and documents or information relating to internal company policies. The Parties reserve the right to request that additional categories be added to this list by the Court as the need arises.

    a.    During the time that information or documents designated as "Confidential" are disclosed in a deposition or hearing, any person shall have the right to exclude from attendance at the deposition or hearing any person who is not entitled to receive such information or documents under the terms of this Order. Appropriate sections of deposition or hearing transcripts may be designated "Confidential" by any person stating on the record their intention to so designate the transcript and notifying each party and non-party signatory in writing of the pages and lines so designated. All persons shall treat as "Confidential" the entirety of each transcript containing a notification of intent to designate portions of the transcript as "Confidential" until ten (10) business days following the publication of the final version of the transcript.

    b.    Any documents and information may be produced for inspection by a person prior to designation as "Confidential" without waiving any right to so designate materials before providing copies to the requesting party. If documents and information are produced for inspection before or instead of delivering copies, such documents and information shall be deemed "Confidential" until the producing person indicates otherwise in writing or produces copies of the documents and information.

OM-225315-1

   c. The inadvertent delivery of documents and information that could properly be designated as "Confidential" shall be without prejudice to the producing person.  If, at any time after producing a document or information, a person determines that the document or information should have been designated as "Confidential," the producing person shall promptly provide written notice to the receiving person with a replacement copy of the document or information bearing a "Confidential" designation within five (5) business days after giving such written notice.  The receiving person shall promptly return the undesignated document or information (and all copies thereof) to the producing person after receiving the replacement copy.  During the five (5) business day period following written notification that the document or information should have been designated as "Confidential," the receiving person shall treat the undesignated document or information as thought it has been so designated and shall retrieve all copies of the document for return to the producing person.

3. Any documents, discovery responses, testimony, materials or information designated or marked Confidential may be disclosed by the receiving Party only to the following persons and may be used only for the purpose of this litigation:

   a. The attorneys of record for the receiving Party and others employed by or associated with them to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, including without limitation, outside attorneys assisting in the prosecution or defense of this action, employees of the attorneys of record or assisting outside attorneys, legal support service personnel and their employees;

   b. Independent experts and consultants and their employees.  No documents or information designated as Confidential shall be provided to any experts or consultants or the employees of either until the expert, consultant or employee has read this Order and has agreed to abide by its terms by signing a copy of the

OM-225315-1

        attached "Certification;"

    c.    The Court and Court personnel;

    d.    Persons to whom the Confidential documents or information was otherwise lawfully available outside of this litigation, such as third-party authors or recipients;

    e.    The parties, including their officers, directors, attorneys and employees to whom it is necessary that the documents be shown for purposes of this litigation; and

    f.    Such other persons as are designated or agreed to by the producing person or by Court order. No documents or information designated as Confidential shall be provided to any such persons until they have read this Order and have agreed to abide by its terms by signing a copy of the attached "Certification."

    The Parties may agree in writing or on the record, without further order of this Court, to allow disclosure of Confidential documents or information to an individual who otherwise would not be authorized to receive such documents or information hereunder.

    4.    No document designated or containing information designated as "Confidential" shall be filed with any Court paper unless it is, in accordance with the Court's rules and standing orders, filed under seal. Whenever any document designated as "Confidential" or any pleading designated as containing "Confidential" information is filed with the Court, such document or pleading shall display a bold heading on its first page in substantially the following form: "FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER." The Clerk of the Court is directed to maintain under seal only those documents and transcripts of deposition testimony filed in the Court in this litigation which have been designated, in whole or in part, as "Confidential" information by a party to this litigation. Such designation shall be readily visible and legible on at least the cover of each such document and/or transcript filed with the Court.

    5.    All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or

OM-225315-1

otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6.  Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior order of the Court after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition or hearing testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order.

7.  Nothing in this Order shall prevent a party from seeking additional relief from the Court to further restrict access to documents and information that have been and may be sought in this action, relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the party.

8.  All persons to whom "Confidential" information and/or documents are disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such "Confidential" documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 3 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9.  Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential," provided that such use complies with the terms of this Order.

10.  This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence from Travelers and any non-parties in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as

OM-225315-1

"Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11. Within sixty (60) days of the conclusion of this action by final non-appealable order or settlement, all documents, transcripts, or other materials (including copies) afforded "Confidential" treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, shall be destroyed or returned to the person having produced or furnished same.

12. Counsel of record for any party (the "Notifying Party") may at any time serve a written notice upon all other counsel of record (the "Responding Party") (a) objecting to a designation made by the Responding Party; or (b) proposing to disclose Confidential documents or information to an individual to whom such disclosure is not authorized by this Order. The parties shall attempt within fourteen (14) calendar days from the Responding Party's receipt of such notice to resolve any dispute concerning (a) or (b) in good faith. If the attempt is unsuccessful, the Notifying Party may move for an order changing the designation of the documents or information at issue and/or authorizing the disclosure of certain documents or information to a specific person not otherwise so authorized hereunder. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be continue to be treated as "Confidential" subject to the provisions of this Order. The Court shall make an independent determination as to whether any disputed information is to be protected from public disclosure or whether the Confidential information may be shown to the proposed person. This Order shall not alter the burden of proof as to these issues.

13. Neither this Order nor the designation of any documents or information as Confidential shall constitute an admission or acknowledgment by any party that any such document or information is, in fact, confidential, proprietary, or otherwise protectible. The fact that information or documents have been designated Confidential shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any documents or

OM-225315-1

information, at the time of trial or otherwise.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

DATED this 24th day of August 2006.

By: s/ Angela M. Lisec
Thomas H. Dahlk (#15371)
Angela M. Lisec (#21745)
Michael J. Mullen (#22941)
BLACKWELL SANDERS PEPER MARTIN
1620 Dodge Street, Suite 2100
Omaha, NE 68102
Telephone: (402) 964-5000
Facsimile: (402) 964-5050
Email: tdahlk@blackwellsanders.com
alisec@blackwellsanders.com
mmullen@blackwellsanders.com

-and-

Monica L. Thompson
Albert E. Hartmann (*pro hac vice*)
DLA Piper Rudnick Gray Cary US, LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: monica.thompson@dlapiper.com
albert.hartmann@dlapiper.com

ATTORNEYS FOR DEFENDANTS TEKSYSTEMS GLOBAL APPLICATIONS OUTSOURCING, L.L.C. AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

DATED this 24th day of August 2006.

By: s/ Nora M. Kane
Gregory C. Scaglione (#19368)
Nora M. Kane (#21562)
Koley Jessen PC, LLO
1125 South 103rd Street
Suite 800
Omaha, NE 68124
Telephone: (402) 390-9500
Facsimile: (402) 390-9005

OM-225315-1

                                            Email: Greg.Scaglione@koleyjessen.com
                                                         Nora.Kane@koleyjessen.com

                                          ATTORNEYS FOR PLAINTIFF NORTHERN
                                          NATURAL GAS COMPANY


**IT IS SO ORDERED:**

    DATED this 28th day of August, 2006.

                                  BY THE COURT

                                  s/ *David L. Piester*
                                  David L. Piester
                                  United States Magistrate Judge


OM-225315-1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| NORTHERN NATURAL GAS COMPANY, a Delaware corporation,<br><br>Plaintiff, | |
| v. | CASE NO. 8:05CV316 |
| TEKSYSTEMS GLOBAL APPLICATIONS OUTSOURCING, L.L.C., a Maryland limited liability company, and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, a Connecticut-based Insurance company,<br><br>Defendants. | **STIPULATED PROTECTIVE ORDER** |

## CERTIFICATION RE: PROTECTIVE ORDER

I hereby certify that I have been given a copy of and have carefully read the attached Protective Order ("Order") and that I fully understand the terms of the Order. I recognize that I am bound by the terms of the Order, and I agree to comply with those terms.

I understand that I may not use or disclose to other Confidential documents or information or any copies, notes or other records that may be made regarding such Confidential documents or information, except in conformance with the Order.

I agree not to disclose Confidential documents or information to any person who has not agreed to be bound by the Order.

I agree to immediately return all Confidential documents and information and any copies, notes or other records that may be made regarding such Confidential documents and information to the attorney who provided it to me upon request.

I agree that the Order shall be governed by the laws of the State of Illinois and that this Court shall retain jurisdiction to enforce this Order.

Under 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed On: _____

OM-225315-1

Name: _____

Affiliation:   _____

Address:   _____

_____

Signature:   _____

Date:   _____

OM-225315-1