IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NORTHERN NATURAL GAS COMPANY, a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:05 CV 316 |
| v. | ) ) ) | |
| TEKSYSTEMS GLOBAL APPLICATIONS, OUTSOURCING, L.L.C., A Maryland Limited Liability Company, and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, A Connecticut-based Insurance Company, | ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

A number of discovery matters are pending before me. They are addressed in the order in which they were filed.

Motion to Strike Mike Dennis

Defendants TEKSystems and Travelers have filed a motion to strike plaintiff's expert witness, Mike Dennis. Plaintiff ("NNG") has opposed the motion, arguing that Mr. Dennis should not be considered "retained or specially employed," and thus required by Fed. R. Civ. P. 26(a)(2) to provide a report. NNG says his testimony should instead be regarded as that of a "treating physician" for which reports are not required.[1]

NNG has cited to no authority in which such an analogy has been accepted, however, and the court has found none. NNG's disclosure

---

[1] Although plaintiff has filed a notice indicating that it has served "supplemental" expert disclosures, filing 122, the court has not been informed that that disclosure resolves this motion.

of him as an expert witness speaks to the use that will be made of his testimony; the subjects of the disclosure indicate plainly that his testimony will be direct opinion testimony concerning the central issues in this case.  I reject the analogy.

In addition, NNG discloses that it is paying Mr. Dennis $150.00 per hour for his testimony, in addition to his travel expenses from Chicago to the trial.  How this is not being "retained" eludes me.  The case relied on by NNG for the proposition that an insignificant payment does not amount to retention is simply not apposite.  This payment is significant.  Moreover, if this proposition were accepted by the courts, such an exception would swallow the rules of disclosure.

Although NNG argues that its failure to provide a timely expert report was substantially justified, I disagree.  NNG disclosed Mr. Dennis as an expert witness only *after* it had taken his trial deposition,[2] thus precluding defendants' counsel from examining him on his opinions.  The disclosure is not in compliance with the requirements of Rule 26(a)(2), and to now embark on the process of making proper disclosures and retaking the deposition--even if all expenses were charged to NNG--would cause a significant delay in the trial setting.  In addition, NNG has disclosed two other expert witnesses among its own employees who are described as having opinions on roughly the same subjects as Mr. Dennis's opinions; thus, Mr. Dennis's opinions may be seen as cumulative.  I shall grant the motion to strike, and the request for expenses.

---

[2] Dennis was subpoenaed by plaintiff for his deposition on June 27, 2006 in Rosemont, Ill.  Filings 72 and 123, Exhibit 3.  Plaintiff's disclosure of expert testimony was served July 11, 2006.  Filings 84 and 123, Exhibit 4.

Defendants' Motion to Compel/Plaintiff's Motion for Protective Order

    Defendants have moved for an order compelling NNG to provide supplemental data in response to defendants' Requests for Production Nos. 29 and 66.  Request 29 requested "All documents analyzing, criticizing or evaluating the performance of Accenture as it relates to the replacement work."  Number 66 requested "All problem logs in their native form pertaining to TEK's or Quinnox's deliverables related to the GAS Project along with any unique software required to read them."[3]  Plaintiff responded by providing DVD's containing data, but defendants complain that the data is not readable without the accompanying software.  Defendants request that plaintiff produce "error and defect tracking information" in a "reasonably usable form" by providing software to access the "raw data" already produced on DVD.  Plaintiff responds that its license agreements with the software company whose program, "Clear Quest," was used for the information related to defendants' systems, will not permit plaintiff to allow use by the defendants, and, regarding the software utilized for the Accenture data, "Navigator," plaintiff itself does not have a license for use of the software, having received only a limited iteration of it from Accenture.  In addition, defendants' brief states that a license for the former software would cost $1,620 (or $4,535 for a "floating user" license), and $50,000 for the latter.  Filing 109.

    Plaintiff argues that the information requested is not relevant.  However, defendants point out that the plaintiff's claims contain allegations that the defendants' system's codes were inadequate to meet the contract's requirements.  In fact, plaintiff

---

[3] Defendants failed to file the actual requests and responses, in violation of NECivR 7.1(i)(2); however, the text of them is in the brief in support of the motion, which is filed.  Plaintiff has filed the actual responses in support of its motion for protective order. Filing 130, Exhibit 2.

alleges that defendants' system was essentially worthless, to the point that it had to be junked, and the replacement vender had to begin anew. See Amended Complaint, Filing 70, para. 16, 43(a) and (b). The adequacy of the defendants' systems codes is at issue, including the methods by which the alleged inadequacies were discovered and documented, including the requested "error and deficiency tracking information." Plaintiff also requests as damages the costs of installing the Accenture system used to replace defendant's product. <u>Id</u>. para. 43(b)-(e); Plaintiff's Answers to Interrogatories, Filing 109, Exhibit 2, Number 3. Under these circumstances the adequacy of the replacement product, together with the means by which its "errors and deficiencies" were noted, becomes relevant to the issues of damages and mitigation. I conclude that the information requested is relevant.

There is no evidence showing that plaintiff's license agreement with "Clear Quest" actually does prohibit its use by defendants. There is also no showing that the *information* on plaintiff's computers, as opposed to the software program to retrieve it, is somehow protected. Likewise, plaintiff has not shown that it does not have access to the *information* stored on its Microsoft Access derivative of the "Navigator" software used to store the information on its computer systems, even without the $50,000 license.

<u>Fed. R. Civ. P.</u> 34 requires that a responding party produce "documents (including ". . . data compilations from which information can be obtained, *translated, if necessary, by the respondent through detection devices into reasonably usable form)*" which are in its "possession, custody or control." Rule 34(a) (Emphasis added). It also requires the responding party to "produce them as they are kept in the usual course of business or . . . organize and label them to correspond with the categories in the request." Rule 34(b). Read together, these provisions require the plaintiff to give defendants all the requested data that it has.

This court, as well as others, has held that a respondent's unwieldy filing system does not excuse its production of requested documents in usable form when they are properly requested under Rule 34. Wagner v. Dryvit Systems, Inc., 208 F.R.D. 606, 609-610 (D. Neb. 2001); Rowlin v. Alabama Dep't of Public Safety, 200 F.R.D. 459, 461, citing Kozlowski v. Sears Roebuck & Co., 73 F.R.D. 73, 76 (D. Mass. 1976) ("To allow a [party] whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of the discovery rules"). Further, a respondent's statement that it would be burdensome or expensive to produce the requested documents does not without evidentiary support establish *undue* burden or expense so as to excuse production under the rule. Dryvit, 208 F.R.D. at 610; Biben v. Card, 119 F.R.D. 421 (W.D. Mo. 1987) (rejecting contention of undue expense in obtaining transcript of SEC testimony, citing Michel v. Meier, 8 F.R.D. 464, 477 (W.D. Pa. 1948)("Every lawsuit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom")); "[D]iscovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery."  Wright, Miller & Marcus, Federal Practice and Procedure § 2214, p. 435 (1994).  In addition, it is commonly held that while the respondent must not be required to create what it does not have, it must produce the responsive documents it does have in a form readable to the requesting party. See, e.g., Delozier v. First Nat'l Bank of Gatlinburg, 109 F.R.D. 161, 164 (E.D. Tenn. 1986)(Documents were required to be photocopied on special equipment in order to be read). If doing so would be expensive, the expense must be balanced against the stakes in the litigation to determine if it is "undue."

Applying these principles to the motion at hand yields the conclusion that plaintiff must produce the responsive data in a form usable by defendants and their counsel.  First, plaintiff is seeking over four million dollars in damages in this case; expending $50,000 to obtain the license necessary to produce the data requested has not been shown to be necessary, nor if necessary, to be unreasonable in relation to the amount at stake in the case.

Plaintiff must provide defendants the same access to the "Clear Quest" and Accenture "Navagator" software that plaintiff itself has.[4]  If allowing defendants access to its software licenses would violate the license prohibitions--which, again, has not been shown-- then plaintiff must produce the data in a form that would not violate the license prohibitions, such as printed copy or otherwise. If plaintiff does not want to purchase the software licenses for defendants, it must nevertheless provide all the data.  If that means providing defendants' computer technicians access to plaintiff's data systems, that may be an alternative acceptable to defendants.  I shall direct counsel and the parties to confer to develop the most practical and expeditious means of complying with this order, in the absence of which I may be called upon to resolve such issues,[5] with this condition:  In the event the parties agree that the "Navigator" software must be purchased, the cost thereof should be shared equally among the parties, that is, one-half paid by plaintiff and one-half paid by defendants.

---

[4] Rule 34 is to be amended December 1, 2006, barring contrary Congressional action, to more explicitly address discovery and production of "electronically stored information."  Although I apply current law, my ruling herein is consistent with a fair reading of the proposed amended rule and the related comments of the Advisory Committee.

[5] I caution counsel, however, that if that scenario develops, much, much more information will be required than has been presented on this motion.  They and their clients (perhaps even with an independent team of computer specialists) are in a far better position to resolve such matters than is this court.

Plaintiff's Motion to Compel

    Plaintiff's motion to compel seeks an order directing defendants to supplement responses to plaintiff's interrogatories 12 and 15, and further to comply with the court regarding availability of documents at defendant TEK's Rule 30(b)(6) deposition.  Filing 126.  Defendants have opposed the motion.

    Plaintiff has not complied with NECivR 7.1(I) in the filing of this motion.  That rule provides in part:

> "'Personal consultation' shall include person-to-person conversation, either in the physical presence of each counsel or on the telephone.  An exchange of letters, faxes, voice mail messages, or e-mails between or among counsel may also constitute personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the non-moving party."

Counsel have exchanged a series of letters regarding their positions on these discovery requests, but according to the record, have had no "personal consultation."  In this instance I shall not enforce the rule and deny the motion, however, because time is of the essence; defendants' response does indicate that "personal consultation" did occur; and additionally, it is clear from the court's conversations with counsel that they were in disagreement about the contested discovery.

    Defendants argue that their responses were sufficiently detailed to disclose their information responsive to the requests and to comply with the court's order of June 28, 2006, filing 79.  I disagree.  Defendants' responses are vague, and do not specify any factual information.

In response to Interrogatory 12, which sought information about the defendants' counterclaim, defendants' answers did not name any persons who actually made or heard any of the alleged "oral representations" attributed to plaintiff in the pleadings. Instead, defendants' second supplemental response names a host of people who "would have" made such representations, and more to whom the representations "would have been reported." This is insufficient. If the defendants know of specific individuals, they should be set forth. If not, defendants should say so under oath.

In response to Interrogatory 15, defendants have referred to the previous answer to Interrogatory 4. Plaintiff faults this reference, because Interrogatory 4 seeks specific information about defendants' denial that they breached the contract, while Interrogatory 15 seeks information on what, if anything, plaintiff did to contribute to the plaintiff's damages. While it is conceivable that defendants have no more knowledge than that disclosed in their response to Interrogatory 4, if that is the case, they should say so explicitly and under oath.

Plaintiff also faults defendants for referring to hundreds or even thousands of documents as support for their answers, without identifying any of them specifically. I also agree with plaintiff on this issue. Discovery is nearly complete; documents should be well enough known by now to specify the ones relied upon.

Finally, plaintiff criticizes defendants for failing to bring documents to the Rule 30(b)(6) deposition of TEK GAO. During the deposition, defendants' counsel instructed the witness not to answer--in violation of Rule 30(d)(1)[6]--saying that the court's

---

[6] "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4) [Regarding adjourning a deposition to protect against unreasonably conducting it in bad faith so as to annoy, embarrass, or oppress the deponent.]"

order did not require identification of individual documents by bates number.  In fact, however, that is just what the order required.

Defendants' responses and strategies of nondisclosure are insufficient to further the purposes of the discovery rules.  Their response to the motion to compel is likewise not "substantially justified."

Defendants' Oral Motion to Compel/Court's Order of August 8, 2006

On August 8 the court heard argument on the parties' positions regarding writings used to refresh recollection by the deponent, Paul Maakestad.  Defendants claim that by disclosing a particular document--claimed to be protected from discovery by both the attorney-client privilege and the work product rule--to the deponent before his deposition, plaintiff has waived the privilege.

I have examined the document at issue *in camera*.  I conclude that while most of it is protected by the work product rule, the recitation of facts at the beginning ("Overview" and "Chronology of Events") is not.  Thus, I shall order that portion of it disclosed to defendants' counsel.

IT THEREFORE HEREBY IS ORDERED:

1.  Defendants' motion to strike Mike Dennis as an expert witness, filing 87, is granted.

2.  Defendants' request for fees and expenses in respect to filing 87 is granted. Counsel shall confer with respect to the amount reasonably to be awarded.  If they agree, a stipulation to that effect shall be filed within ten days.  If they disagree, defendants shall file their application for fees and expenses within fifteen days, properly supported.  Plaintiff shall have ten days thereafter in which to respond.  If either side desires a hearing on the matter of the amount of fees and expenses to be awarded, request

therefor shall be made in the application or the response, as applicable.  Any award made pursuant to this paragraph shall be made a part of the judgment eventually entered in this case, unless, prior to judgment, the clerk is presented with written evidence that the award has theretofore been made.

    3.  Defendants' motion to compel, filing 108, is granted in accordance with this memorandum and order.  Counsel shall confer in an attempt to reach agreement on the method of compliance with this order; in the event they are unable to agree, that matter may be submitted to the undersigned.

    4.  Plaintiff's motion for protective order, filing 129, is denied.

    5.  Plaintiff's motion to compel, filing 126, is granted.  Defendants shall serve supplemental answers, under oath, within ten days.  Plaintiff is granted its expenses and fees in bringing filing 126 before the court.  Application and response shall be filed in the manner described in paragraph 2, above.

    6.  Defendants' oral motion to compel is granted in part, and the following portion of the document shall be provided to defendants' counsel forthwith:  The first page and the top portion of the second page, to the heading above the last paragraph.  The motion is otherwise denied.  The clerk shall file a copy of the entire document under seal, returning the original to plaintiff's counsel.

    7.  Except as provided in paragraphs 2 and 5 above, each party shall bear its own expenses regarding these discovery matters.

DATED September 6, 2006

BY THE COURT:

s/ *David L. Piester*
United States Magistrate Judge