IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NORTHERN NATURAL GAS COMPANY, | ) ) ) | 8:05CV316 |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **ORDER** |
| TEKSYSTEMS GLOBAL APPLICATIONS OUTSOURCING, LLC, and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

In accordance with the rulings made at today's hearing,

IT IS ORDERED that:

1. Filing 168, Plaintiff's motion in limine as to Edward B. Praytor, is denied.

2. Filing 169, Plaintiff's motion in limine as to Michael W. Saba, is denied.

3. Filing 170, Defendants' motion in limine to exclude the opinion testimony of Accenture, including the opinion testimony of Accenture's Michael Rowley, is denied.

4. Filing 174, Defendants' motion in limine to exclude the opinion testimony of Paul Maakestad, is denied.

5. Filing 177, Defendants' motion in limine to exclude opinion testimony regarding damages, is denied.

6. Filing 181, Defendants' motion in limine to exclude Plaintiff's rebuttal expert testimony, is denied with the understanding (a) that by next Tuesday, October 10, 2006, Plaintiff will define and provide to Defendants in written form the complete results of the investigation performed by Plaintiff's employees, and (b) that Plaintiff will make such employees available for depositions on Wednesday and Thursday of next week.

7. Filing 190, Defendants' motion in limine to exclude the opinion testimony of Ray Volpone, is denied.

8. Filing 198, Plaintiff's motion in limine, is denied with the understanding that the parties will file a stipulation on or before Friday, October 13, 2006, regarding any categories of excludable evidence that are mutually agreeable.

9. Filing 201, Defendants' motion in limine, general, is denied.

10. Filing 204, Defendants' motion in limine to exclude hearsay email messages and certain evidence of alleged code defects, is denied.

11. Filing 207, Defendants' motion in limine for preliminary ruling that document produced by plaintiff and subsequently claimed as privileged is not privileged and is available for use at trial, is denied.

12. Filing 210, Defendants' motion in limine, is denied with the understanding, and joint stipulation by the parties, that the performance surety bonds will not be referred to as "insurance".

13. Filing 212, Plaintiff's motion raising a preliminary question regarding admissibility of evidence regarding order on motion to strike, etc., is denied.

14. Filing 213, Plaintiff's motion to clarify/reconsider order dated September 6, 2006 regarding order on motion to strike, etc., is denied.

15. Filing 217, Plaintiff's motion for sanctions, is denied with the understanding (a) that the only documents on the "big disk" that will be used as evidence by Defendants are the project plans, and (b) that by this Friday, October 6, 2006, Defendants will fax Plaintiff a letter in which each document on the "small disk" is identified as (1) being responsive to a particular Rule 30(b)(6) request or (2) having been considered in forming a particular expert opinion.

16. Filing 244, Plaintiff's motion to amend pretrial order is withdrawn. By joint stipulation of the parties, it is agreed that the final pretrial conference order is amended by Plaintiff's filing 244 and by Defendants' filing 246, and it is also agreed that Defendants are not claiming fraud in the inducement.

17. Unless the parties advise my chambers of a settlement by 8:00 a.m. on Thursday, October 12, 2006, either the case will be tried as scheduled or else severe sanctions will be imposed.

18. Trial briefs are due on or before Wednesday, October 11, 2006.

19. The trial will commence on Monday, October 16, 2006, and will not exceed 9 trial days, such that the case will be submitted to the jury no later than Thursday, October 26, 2006.

October 4, 2006.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge